## MOLKO v. PESCE.
### No. 58-5906.

Civil Court of Record, Dade County.

April 29, 1959.

Gilbert, Young & Rubin, Miami Beach, and Carey, Goodman, Terry, Dwyer & Austin, Miami, for plaintiff.

Englehardt & Harkness, Miami, and Dermer & Rosen, Miami Beach, for defendant.

JOHN R. BLANTON, Judge.

This cause came on to be heard before me on the motion of the defendant Coleen A. Pesce to vacate findings of fact and final judgment entered by this court on October 3, 1958 on the grounds that said findings and judgment were based on a "friendly suit" to obtain court approval of a settlement arrived at between plaintiff and defendant's insurance carrier and without the knowledge of the defendant Coleen A. Pesce individually, and counsel for the plaintiff and counsel for the defendant having been present before this court as well as counsel for the defendant's insurance carrier, and the court having examined the pleadings on file and having heard argument of counsel is of the opinion that certain portions

of the findings of fact and final judgment of October 3, 1958 are incorrect and that the court was mistaken in rendering certain of the findings of fact.

The court, being cognizant of the general rule that after the term of court has ended final judgments pass beyond the court's control, is nevertheless of the opinion that this matter falls within the well recognized exception that orders, decrees or judgments made through fraud, collusion, deceit *or mistake* may be opened, vacated or modified at any time on proper showing made.

It has been made to appear to the court that the findings of fact and final judgment of this court dated October 3, 1958 are being asserted as a bar to an action by the defendant, Coleen A. Pesce, now pending in the circuit court of Dade County, no. 58 L 3728, against Eli Linaido and Ronnie Molko.

The court further finds that at the time of the entry of the findings of fact and final judgment of October 3, 1958 the court understood that the proceedings in this cause were merely in the nature of a "friendly suit" to secure court approval of a settlement for the minor plaintiff Ronald S. Molko with defendant's insurance carrier pursuant to section 45.02, Florida Statutes, and were not adversary proceedings intended to adjudicate all issues involved, but rather were for the sole purpose of approving a settlement of the claim of Ronald S. Molko, a minor, and authorizing release and satisfaction of the settlement by Joseph R. Molko, as next friend and father of Ronald S. Molko.

By reason of the foregoing, it is considered, ordered and adjudged as follows—

1. That paragraph 2 of the findings of fact and final judgment dated October 3, 1958 is hereby vacated and stricken.

2. That it was the meaning and intention of this court in entering its findings of fact and final judgment dated October 3, 1958 to ascertain that the settlement in the sum of $500 proposed by the insurance carrier of defendant Coleen A. Pesce was reasonable and for the best interests of the minor plaintiff and was offered as a compromise settlement of a contested and disputed claim for damages without the admission of liability by the defendant. This court found and now finds that said settlement was fair and reasonable and for the best interests of the minor plaintiff to accept. It was the further intention of this court by said friendly suit proceedings to authorize Joseph R. Molko as father and next friend of Ronald S. Molko, a minor, to accept the settlement and to execute a full, valid

and binding release upon receipt of said sum on behalf of the minor plaintiff.

3. That the findings of fact and final judgment dated October 3, 1958 were made and entered for the sole purpose described in paragraph 2 hereof and were in no wise intended to operate as an adjudication or determination as to the fault, liability, negligence or contributory negligence of any of the parties to this cause.

4. That because the friendly suit proceedings were brought without her knowledge, the defendant Coleen A. Pesce was not afforded the opportunity of filing a counterclaim in this cause for her injuries.